JiMcKAY, Judge.
This case arises from a minor motor vehicle accident. The trial court awarded the plaintiff no award for general and/or special damages. She appeals the trial court’s ruling. We affirm.
On July 4, 1996, the plaintiff, Sherita Mar-chand, and the defendant, Eric Woods, were involved in a minor automobile accident on Chef Menteur Highway. As Mr. Woods was leaving an ice house, he backed his van into the street and the tire mounted on the rear of his van struck the rear passenger side panel of the truck driven by Ms. Marchand.
At the time of the accident, Ms. Marchand was pregnant. She complained of mild abdominal pain at the scene but opted to go home rather than visit the hospital. The next day, July 5, 1996, Ms. Marchand consulted an attorney. The attorney arranged for Ms. Marchand to be seen at Allied Adult and Child Clinic. Thereupon, Ms Marchand embarked upon a rather sporadic course of treatment with Allied. Over the next several months, Ms. Marchand saw a physician on five or six occasions and received a total of eight heat treatments at Allied for back and 12neck pain. However, she did not see any physician at Allied nor did she receive any treatment from January of 1997 until June of 1997.
A bench trial on this matter was held on March 11, 1998. At trial, Ms. Marchand’s testimony was impeached on several occasions. She testified at trial that the accident had caused her to give birth prematurely, but at an earlier deposition she testified that she had had no problems with her pregnancy. She also testified that she had not had any other accidents but under cross-examination admitted to an earlier slip and fall accident in which she suffered a fractured vertebra. There was also some question as to who prescribed certain medications for Ms. Marchand and for what condition they were prescribed. The trial court rendered judgment in favor of the defendants and the plaintiff filed this appeal.
At issue is whether the trial court erred when it did not award the plaintiff an award of special and/or general damages.
*187 Before a court of appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its much discretion in making the award. LSA-C.C. 2324.1; American Motorist Insurance Company v. American Rent-All, Inc., 579 So.2d 429, 433 (La.1991); Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976). In fact, the Supreme Court has laid down a two-part test for the reversal of a factfinder’s determinations. This test requires that:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) The appellate court must further determine that the record ^establishes that the finding is clearly wrong (manifestly erroneous).
Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
In the instant case, a careful review of the record reveals ample justification for the findings of the lower court. The accident giving rise to the suit was of a minor nature. The plaintiffs testimony was impeached on several occasions. Additionally, the fact that the plaintiff was injured in an earlier slip and fall accident also lends credence to the findings made by the trier of fact. In short, based on our review of the record there is no way we can find that the trial court’s decision to award no damages to the plaintiff was manifestly erroneous.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
ARMSTRONG, J., DISSENTS.